UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TAYLOR, BEAN & WHITAKER MORTGAGE
CORPORATION, a Florida corporation,

           Plaintiff,

v.                                            Case No.  5:05-cv-260-Oc-GRJ

GMAC MORTGAGE CORPORATION, a
Pennsylvania corporation,

           Defendant.
_____

## **ORDER**

Pending before the Court is Plaintiff, Taylor, Bean & Whitaker's Motion For Partial Summary Judgment As To Count I Of Its Complaint. (Doc. 197.)  Defendant, GMAC Mortgage Corporation ("GMAC") filed a response in opposition  (Doc. 209), and thus, this matter is ripe for review.  For the reasons discussed below, Plaintiff's Motion For Partial Summary Judgment (Doc. 197) is due to be **GRANTED**.

### **I.  Procedural Background**

On June 3, 2005, Plaintiff, Taylor, Bean & Whitaker Mortgage Corporation (hereinafter "Taylor Bean") filed this action against Defendant, GMAC Mortgage Corporation (hereinafter "GMAC") alleging claims for breach of contract, promissory estoppel, unjust enrichment, and common law conversion.  (Doc. 1.)  GMAC filed a motion to dismiss Taylor Bean's Complaint (Doc. 10), which was granted by the Court as to the claims for promissory estoppel, unjust enrichment, and common law conversion.  (Doc. 46.)  GMAC also filed a Counterclaim against Taylor Bean (Doc. 28) alleging claims for breach of contract and offset/recoupment, which it later amended to

include claims for declaratory judgment, indemnification, fraudulent inducement and attorneys' fees (Doc. 67) and amended again to correct pleading deficiencies. (Doc. 102.) Taylor Bean then counterclaimed against GMAC for breach of contract relating to the 2000 and 2002 Purchase and Sale Agreements, unjust enrichment relating to payments improperly obtained by GMAC from Taylor Bean, negligent misrepresentation relating to payments improperly obtained by GMAC from Taylor Bean, breach of contract relating to the Guaranty Agreement by Residential Mortgage Funding Corporation ("RFC"), and unjust enrichment relating to payments improperly obtained by GMAC from RFC. (Doc. 38.) Taylor Bean subsequently dismissed without prejudice the claims in its Amended Counterclaim for unjust enrichment and negligent misrepresentation. (Doc. 62.) Taylor Bean has now filed the instant motion for partial summary judgment as to Count One of its Complaint – i.e., claim for breach of contract. (Doc. 197.)

## II.  Statement Of Facts[1]

Taylor Bean and GMAC entered into Purchase and Sale Agreements – the first dated March 2000 and the second dated May 31, 2002.[2] Pursuant to these Agreements, Taylor Bean transferred thousands of mortgage loans to GMAC for

---

[1] The nature of the claims between the parties have been discussed in several of the previous Court orders and the parties' pleadings. This Statement of Facts will only address the facts necessary to resolve the instant Motion For Partial Summary Judgment.

[2] Doc. 197, Exhibits B & C. Although Plaintiff's Complaint only refers to the May 2002 Agreement, the subsequent pleadings have raised both Agreements, the May 2002 Agreement incorporates by reference the earlier Agreement and the parties discuss both Agreements in their papers.

servicing.[3] GMAC withheld payment of $8,385,733.97 of the purchase price – the so-called "holdback fund."[4] In Count One of its Complaint, Taylor Bean alleges that GMAC breached the May 2002 Agreement by failing to pay the remainder of the purchase price.[5]

The Agreement permitted GMAC to withhold payment on a portion of the total purchase price until Taylor Bean satisfied certain obligations. Section 2.4(b) of the Agreement provides, in pertinent part:

> (3) The balance of the Purchase Price shall be payable upon the later of (i) one hundred twenty days (120) days after the Transfer Date, (ii) the date of Purchaser's receipt of the initial shipment of Mortgage Loan Files, (iii) receipt of all remaining Complete Mortgage Loan Files and documentation pertaining to the Mortgage Loans, and (iv) verification of Purchase Price calculation.
>
> (4) In the event Purchaser has not received all remaining Complete Mortgage Loan Files and related documentation pertaining to the Mortgage Loans within one hundred twenty (120) days after the Transfer Date, the remaining balance of the Purchase Price shall be released monthly to Seller commencing five (5) months following the Transfer Date on a pro-rata basis, based on the Complete Mortgage Loan Files received by Purchaser during the previous month subject to a minimum retention of $500,000 by Purchaser pending receipt of all remaining Complete Mortgage Loan Files and documentation with respect to the Transfer Date per Investor type.

As of December 20, 2007, GMAC had received from Taylor Bean all loan documentation required under the Agreement.[6]

---

[3] See Doc. 1 at ¶ 8; Doc. 102 at ¶¶ 3-4, 10.

[4] See Doc. 197, Exhibit D; Exhibit F at 156:1-58:3.

[5] See Doc. 1.

[6] See Doc. 197, Exhibit E at 491:15-492:10.

> Section 10.7 of the Agreement provides in pertinent part that if GMAC:
>
> incurs losses, claims, liabilities or damages (including without limitation indemnification and/or repurchase), [GMAC] shall have the right of setoff and/or recoupment with respect to any losses, claims, liabilities or damages of [GMAC] with respect to any agreements with [Taylor Bean], provided (if applicable) that [Taylor Bean] shall have failed, following notice and opportunity for cure, to perform its obligations of indemnification and/or repurchase under such agreements.

GMAC requested that Taylor Bean repurchase a number of the mortgage loans due to perceived deficiencies, such as lack of insurance.[7] Based on these repurchase requests, GMAC withheld $6,037,189.37 from the purchase price.[8] Other than one additional loss of approximately $25,000, there are no other pending repurchase requests.[9] According to GMAC's own records, the "Total Remaining Holdback" is $2,348,544.60.[10]

Taylor Bean assumes for purposes of the instant motion that GMAC has properly withheld $6,062,189.37 ($6,037,189.37 plus $25,000) from the purchase price.[11] Taylor Bean requests that the Court enter partial summary judgment on Count One of Taylor Bean's Complaint finding that Taylor Bean is entitled to recover the remaining

---

[7] See Doc. 197, Exhibit J, Response to Interrogatory No. 1. (identifying 166 loans that were uninsured)

[8] See Doc. 197, Exhibit D; Exhibit F at 156:1-158:3.

[9] See Doc. 197, Exhibit E at 483:18-484:7; 510:13-511.

[10] See Doc. 197, Exhibit D; Exhibit F at 156:1-58:3.

[11] Specifically, Taylor Bean assumes that all of GMAC's repurchase requests were legitimate; that GMAC had in fact incurred the losses that it claims related to those repurchase requests; and that the 2002 Agreement allowed GMAC to set off these alleged losses from the amounts GMAC owes to Taylor Bean. See Doc. 197 at pages 1-2.

holdback – $2,323,544.60 ($2,348,544.60 minus $25,000).[12]  Taylor Bean further requests that the Court enter an Order requiring GMAC to pay these funds immediately to Taylor Bean.

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party.[13] As the Supreme Court held in *Celotex Corp. v. Catrett*,[14] the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[15] The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

---

[12] In its motion, Taylor Bean represents that this amount "does not include any damages, direct, consequential or otherwise, that Taylor Bean incurred as a result of [GMAC's] failure to pay this amount to Taylor Bean when it was first obligated to do so.  Taylor Bean reserves the right to seek these damages in this action."  Doc. 197, page 2, n.1.

[13] Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

[14]  477 U.S. 317 (1986).

[15] Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).

## IV. Choice of Law

As discussed in previous orders, the Court has yet to determine whether the laws of Pennsylvania or Florida apply to the claims in this case. The instant motion is based on the parties' Agreements which contain a choice of law provision that states it "shall be governed by the laws of the Commonwealth of Pennsylvania."[16] The parties cite Pennsylvania law in their papers and neither party contends that Florida law should govern this motion.

Under Florida choice of law rules applicable to claims for breach of contract, Florida follows the principle of *lex loci contractus*, which means that the law of the place where the contract was signed governs the dispute.[17] However, Florida recognizes an exception to this general rule where the parties have specified a choice of law in their contract. Where the parties have designated a choice of law in their contract the will of the parties will govern unless the parties' choice violates the public policy of the forum state.[18] Here, the application of Pennsylvania law would in no way violate the public policy of the forum state. Thus, the Court will proceed by applying Pennsylvania law to the instant motion.

---

[16] Doc. 197, Exhibit B, §12.7 & Exhibit C, §11.7.

[17] Fioretti v. Mass. Gen. Life Ins. Co., 53 F.3d 1228, 1235 (11th Cir. 1995). As a matter of course, the Court applies the choice of law rules of the state in which the Court sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

[18] Gillen v. United Servs. Auto. Ass'n, 300 So.2d 3, 6-7 (Fla. 1974).

## V. Discussion

For purposes of this motion, there is no dispute that GMAC has properly withheld $6,062,189.37 from the purchase price. The instant dispute focuses on the remaining holdback funds in the amount of $2,323,544.60. Taylor Bean argues that GMAC has no basis to continue withholding payment of these funds, while GMAC contends that there are genuine issues of material fact that preclude the entry of partial summary judgment.

Under Section 2.4(b) of the Agreement, GMAC was entitled to withhold funds until Taylor Bean had satisfied certain contractual obligations, including providing necessary loan documentation.[19] As of December 20, 2007, GMAC had received from Taylor Bean all loan documentation required under the Agreement.[20] Moreover, GMAC does not argue (or even suggest) that it is continuing to withhold the remaining holdback funds based on this section.

Instead, GMAC has focused on its right to offset its "losses, claims, liabilities or damages" pursuant to Section 10.7 of the Agreement. According to GMAC's own records, GMAC has deducted more than $6 million from the holdback funds for losses associated with repurchase requests. While not disputing that there are $2,323,544.60 remaining in holdback funds, GMAC argues that Taylor Bean is not entitled to these funds because additional claims could be offset against the holdback fund – i.e.,

---

[19] See Doc. 197, Exhibit C, §2.4(b) Agreement

[20] See Doc. 197, Exhibit E, 491:15-492:10.

attorney's fees, future repurchase requests and losses arising from Taylor Bean's breaches of the Agreements.

As an initial matter, GMAC argues that if it is awarded prevailing party attorney's fees, it would create an additional "undetermined" loss to offset against the holdback fund.[21] However, under Pennsylvania law, a claim must be presently due to be subject to setoff.[22] A set-off against the holdback fund cannot be based on an unripe or potential claim. Thus, even assuming that attorney's fees properly could be offset against the holdback fund,[23] the possibility that GMAC might be entitled to some "undetermined" amount of attorney's fees in the future does not provide a basis for GMAC now to withhold payment of the $2,323,544.60.

Second, GMAC argues that future repurchase requests might arise. However, as discussed above, potential claims are not subject to setoff. Moreover, there is simply no basis in the contract or otherwise for GMAC to withhold payment indefinitely just in case additional repurchase requests arise over the life of a loan. Accordingly, the possibility of future repurchase requests does not provide a basis for GMAC to withhold payment of the remaining holdback fund.

Finally, GMAC argues that the amount it owes under the Agreements is in dispute because GMAC has offered substantial evidence that Taylor Bean breached the terms of the Agreements. GMAC contends that by retaining the holdback funds, it "may

---

[21] See Doc. 209, page 4-5.

[22] See In re Cabrillo, 101 B.R. 443, 447 (Bankr. E.D. Pa. 1989)(noting that "[u]nder Pennsylvania law, a claim must be presently due to be subject to setoff.")

[23] The Court need not address GMAC's argument that its attorney's fees can be withdrawn from the Holdback Fund. See Doc. 209, page 5-6.

offset the losses arising from Plaintiff's failure to meet its contractual obligations."[24] However, GMAC has not identified any specific losses stemming from the alleged breaches, and as discussed above, undetermined losses cannot serve as a basis for setoff. Moreover, even if it is ultimately determined that Taylor Bean breached the Agreements, that does not create a genuine issue of material fact now regarding the amount of money GMAC owes under the Agreement.[25]

Accordingly, because there are no material issues of fact in dispute and Taylor Bean is entitled to judgment as a matter of law, Plaintiff, Taylor, Bean & Whitaker's Motion For Partial Summary Judgment As To Count I Of Its Complaint (Doc. 197) is due to be **GRANTED.** However, although Taylor Bean is entitled to recover the remaining $2,323,544.60 owed under the Agreements, Taylor Bean is not entitled to a judgment or order from the Court directing that payment of this amount be made at this time because this Order does not resolve all of the claims between the parties and, therefore, is not a final judgment.[26] As such, Taylor Bean is not entitled to the specific relief it has requested – i.e., judgment in the amount of $2,323,544.60 and an Order directing GMAC to pay the funds immediately to Taylor Bean. Ultimately, when all claims have been resolved in this case the Court will enter a final judgment, which will

---

[24] Doc. 209, page 2.

[25] Of course, a finding at trial that Taylor Bean breached the Agreements could result in a judgment being entered in favor of GMAC that could effectively offset the remaining holdback funds.

[26] See Stillman v. Travelers Ins. Co., 88 F.3d 911, 914 (11th Cir. 1996). A ruling on a motion for partial summary judgment is interlocutory in nature and not immediately appealable. See id. Indeed, pursuant to Rule 54(b), Fed.R.Civ.P., an Order such as this " may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

result in a net judgment to one of the parties depending upon whether a party prevails on a claim and the amount of damages, if any, awarded on the claims in this case.

### VI. Conclusion

Accordingly, for these reasons, Plaintiff, Taylor, Bean & Whitaker's Motion For Partial Summary Judgment As To Count I Of Its Complaint (Doc. 197) is due to be **GRANTED**. The Clerk shall withhold entry of judgment pending resolution of the entire case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on August 6, 2008.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel